# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**STEPHEN C. SIEBER**

 Appellant

v.   Civil Action No. RWT 10-2470

**CHERYL E. ROSE**, *Chapter 7 Trustee*,

 Appellee.

## MEMORANDUM OPINION

On July 7, 2010, Judge Wendelin I. Lipp entered an order granting a preliminary injunction in Bankruptcy Case No. 07-21192 and Adversary Proceeding No. 10-00421 ("the Order"). *See* ECF No. 1, Attachment 3. On August 5, 2010, Appellant Stephen C. Sieber ("Appellant"), proceeding *pro se*, filed a Notice of Appeal of the Order in the United States Bankruptcy Court for the District of Maryland. *See* ECF No. 1, Attachment 5. The appeal was docketed with this Court on September 8, 2010. *See* ECF No. 1.

On September 29, 2010, Appellant filed a Motion for Extension of Time to file a brief in support of his appeal and requested forty-five days in which to do so. *See* ECF No. 3. On November 18, 2010, after the requested forty-five days had come and gone without further action from Appellant, the Court ordered Appellant to show cause why his appeal should not be dismissed for failure to comply with Federal Rules of Bankruptcy Procedure 8001, 8006, and 8009. *See* ECF No. 6.

Appellant responded to the order on December 1, 2010, arguing that he had not been provided effective notice of the appealed Order and, in an apparent effort "to prove to this Court

that [he] now understands the technical requirements require," copying and pasting the text of Bankruptcy Rules 8001, 8003, 8006, and 8009 into the body of his response. *See* ECF No. 7. Appellee Cheryl E. Rose ("Appellee"), the Chapter 7 Trustee for the Estate of Stephen C. Sieber, responded to the Court's order on December 6, 2010. *See* ECF No. 10.

Despite Appellant's contention that he now understands the relevant Bankruptcy Rules, he has continuously failed to meet even the most basic procedural requirements quoted in his response. Bankruptcy Rule 8001 requires an Appellant to appeal an order of the bankruptcy court within 14 days of the date of entry of the order and lists specific information to be contained in the Notice of Appeal. *See* Fed R. Bank. P. 8001; Fed R. Bank. P. 8002. Even assuming *arguendo* that Appellant's Notice of Appeal should be considered timely,[1] his notice was deficient in several other respects, including nonconformance with the appropriate Official Form and failing to identify the names of all parties to the Order and their respective attorneys. *See* Fed. R. Bank. P. 8001.

Moreover, Appellant continues to be in violation of Bankruptcy Rules 8006 and 8009. Bankruptcy Rule 8006 requires an appellant to file with the District Court his "designation of items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after filing the Notice of Appeal. *See* Fed. R. Bank. P. 8006. Appellant filed his Notice of Appeal on August 5, 2010. *See* ECF No. 1. Despite the Court notifying Appellant of his failure to comply with Bankruptcy Rule 8006 on November 18, 2010, *see* ECF No. 6, Appellant has yet to file his designation or statement of issues.

---

[1] Appellant argues that his Notice of Appeal should be considered timely because he was not provided effective notice of the Order. *See* ECF No. 7. Although the Court tends to doubt this assertion, this issue is not ultimately dispositive and need not be decided.

Bankruptcy Rule 8009 requires an appellant to "serve and file a brief within 14 days after entry of the appeal on the docket . . . " *See* Fed. R. Bank. P. 8009 (a)(1). Appellant's case was docketed with this Court on September 8, 2010, *see* ECF No. 1. On September 29, 2010, Appellant moved for an additional 45 days to file a brief, arguing that he had not received notice of the entry of his appeal on the docket. *See* ECF No. 3. After Appellant failed to file his brief within the requested 45 days, the Court ordered Appellant to show cause why his appeal should not be dismissed for his continued failure to comply with Bankruptcy Rule 8009. *See* ECF No. 6. Despite this notification, Appellant has yet to file a brief with the Court, nearly seven months after he was initially required to do so. *See* Fed. R. Bank. P. 8009 (a)(a) .

A district court may, upon its own initiative, dismiss an appeal of an order of the bankruptcy court for non-compliance with Bankruptcy Rules 8006 and 8009. *See* Md. Local Rule 404.2. The district court's discretion to dismiss an appeal is grounded in Federal Rule of Bankruptcy Procedure 8001(a)(1), which provides that "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal*." Fed. R. Bank. P. 8001 (emphasis added). Failure to timely file a notice of appeal may be grounds for dismissal even if the appellant is *pro se*. *See, e.g., McGahren v. First Citizens Bank & Trust Comp.*, 111 F.3d. 1159 (4th Cir. 1997).

In determining whether a dismissal for failure to comply with Rules 8006 and 8009 is appropriate, a district court must take four steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d 70 (4th Cir. 1995)

(quoting *In re: Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992)). Upon consideration of each of these factors,[2] the Court concludes that dismissal is appropriate in this case.

As an initial matter, it is readily apparent from the record that Appellant has been negligent with regard to almost every procedural requirement of the bankruptcy appeals process.[3] When the Court ordered Appellant to show cause for his failure to comply with Bankruptcy Rules 8001, 8006 and 8009, Appellant implored the Court to forgive his ignorance of the rules as a *pro se* litigant and assured the Court that he "now understands the technical requirements required . . . " ECF No. 7 at 5. However, in the intervening months, Appellant has made absolutely no effort to designate a record, to file a statement of issues regarding his appeal, or to file a brief as required by Bankruptcy Rules 8006 and 8009. Appellant's negligence has left Appellee and the Court without a record and ignorant of any possible basis for his appeal, thereby prejudicing the Trustee and the prompt administration of the bankrupt Estate. *See* ECF No. 10, p. 7.; *see also In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (finding a failure to submit a brief on appeal prejudiced the bankruptcy trustee and appellant's debtors).

Despite Appellant's status as a *pro se* litigant, the Court cannot allow him to continue ignoring key procedural requirements to the detriment of other parties. Appellant has been afforded notice and ample opportunity to comply with Bankruptcy Rules 8006 and 8009, and it is clear to the Court that he has absolutely no intention of doing so. Although the Court is well aware that dismissal for violations of Bankruptcy Rules 8006 and 8009 is "a harsh sanction

---

[2] *Id*. at 74 ("Any fair reading of *Serra* reveals that a proper application of its test will normally require a district court to consider and balance all relevant factors . . . ").

[3] Appellee also contends that Appellant has acted in bad faith, alleging that Appellant "knowingly and intentionally provided an inaccurate address for himself" and that "Adversary Proceeding 09-00825 is replete with the Chapter 7 Trustee identifying false statements and unusual behavior of the Appellant." *See* ECF No. 10, p. 6. Because the Court finds that Appellant has been negligent throughout the bankruptcy appeals process, it need not ascertain the veracity of these allegations.

which a district court must not impose lightly." *Serra*, 970 F.2d at 1311, the Court concludes that any lesser sanction would not be appropriate under the circumstances presented in this case.

Accordingly, the Court will, by separate Order, dismiss this appeal.


Date: <u>April 12, 2011</u>                                        <u>            /s/            </u>
                                                                                ROGER W. TITUS
                                                                   UNITED STATES DISTRICT JUDGE